UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COSTAR PARTNERS, LP,<br><br>    Plaintiff,<br><br>v.<br><br>RITZ ASIA, INC. d/b/a BUDDACHEN<br>and SHUN LI CHEN,<br><br>    Defendants. | Civil Action No. _____ |

## COMPLAINT

Costar Partners, LP ("Plaintiff") brings this action to stop the trademark infringement and unfair competition by Ritz Asia, Inc. d/b/a Buddachen, and Shun Li Chen (collectively, "Defendants").

## PARTIES

1. Plaintiff Costar Partners, LP is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, located and doing business at 134 Market Street, Philadelphia, Pennsylvania 19106.

2. Upon information and belief, defendant Ritz Asia, Inc. d/b/a Buddachen is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, located and doing business at 1223 Beacon Street, Brookline, Massachusetts 02446.

3. Upon information and belief, defendant, Shun Li Chen is an individual who resides in Quincy, Massachusetts, is the President of Ritz Asia, Inc. d/b/a Buddachen, and controls its use of the complained of name and mark.

{K0418951.1}

## JURISDICTION AND VENUE

4. This is an action for infringement of a federally registered trademark and unfair competition arising under the *Lanham Act*, 15 U.S.C. § 1501, *et seq*.

5. This Court has subject matter jurisdiction in this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(c) because Defendants have committed acts of trademark infringement of a federally registered mark and trademark infringement in this District and elsewhere in commerce.

## FACTUAL BACKGROUND

7. Plaintiff owns and operates a series of Asian restaurants that offer contemporary Asian cuisine in a modern atmosphere.

8. Plaintiff has used in commerce the name "Buddakan" and the mark "BUDDAKAN" in association with its restaurant services since at least August 1998.

9. Since its initial use of the BUDDAKAN name and mark, Plaintiff has made a substantial investment in promoting and advertising restaurant services under Plaintiff's BUDDAKAN name and mark.

10. Plaintiff has extensively and continuously used, advertised, promoted, and offered for sale restaurant services using Plaintiff's BUDDAKAN name and mark to the public through various channels of trade in commerce since at least as early as August 1998. As a result, customers and the general public have come to know and recognize Plaintiff's BUDDAKAN name and mark and associate the same with Plaintiff and/or Plaintiff's restaurant services.

11. Plaintiff has continuously used the url address "buddakan.com" for its website, which supports the business conducted under Plaintiff's BUDDAKAN name and mark since prior to the date of Defendants' complained-of activities.

12. Since August 1998, Plaintiff has offered restaurant services in Philadelphia under the BUDDAKAN name and mark.

13. Since March 2006, building on the renown of its Philadelphia restaurant, Plaintiff expanded the BUDDAKAN operations to Atlantic City, New Jersey and New York, New York, where it offers restaurant services under the BUDDAKAN name and mark.

14. Plaintiff's restaurant services offered under the BUDDAKAN name and mark utilize a contemporary Asian décor. For example, its Philadelphia location showcases a large Buddha figure against red backdrop at the head of a long communal dining table.

15. Plaintiff has built extensive goodwill in connection with the sales of restaurant services at its three locations under Plaintiff's BUDDAKAN name and mark. The BUDDAKAN name and mark have been recognized in a variety of publications with national circulation, including Food Arts magazine, Gourmet magazine, the New York Times, the Wall Street Journal, and Travel + Leisure magazine.

16. Plaintiff's restaurants operating under the BUDDAKAN name and mark have achieved considerable national renown as destination restaurants frequented by travelers from a variety of cities and regions.

17. The BUDDAKAN name and mark are inherently distinctive and have acquired commercial strength by virtue of the nature and extent of their use and recognition, as evidenced by media references.

18. Plaintiff has taken steps to protect its BUDDAKAN mark. In particular, it has secured and is the owner of United States Trademark Registration No. 2,382,138, which was issued on September 05, 2000 (the "Registration"). The Registration is valid, subsisting, incontestable, and *prima facie* evidence of Plaintiff's exclusive right to use the mark in commerce on the services specified in the Registration. A copy of the Registration is attached hereto as Exhibit A.

19. Defendants only recently began using the term "Buddachen" in this District in connection with a new restaurant that offers contemporary Asian cuisine and a modern decor.

20. Defendants have used and advertised the BUDDACHEN name and mark to promote their restaurant services.

21. Defendants' use of the BUDDACHEN name and mark was and is without Plaintiff's license, authorization, or permission.

22. Upon information and belief, Plaintiff's restaurant services and Defendants' restaurant services are sold and promoted through overlapping trade channels and/or purchased by the same and overlapping general classes of purchasers.

23. Plaintiff's customers, and the public in general, are likely to be confused, mistaken, or deceived as to the origin and sponsorship of Defendants' restaurant services to be marketed under the BUDDACHEN name and mark, and misled into believing that Defendants' restaurant services are produced by, emanate from, or are in some way affiliated with Plaintiff and/or Plaintiff's restaurant services to the damage and detriment of Plaintiff and its reputation.

## COUNT I
### (Trademark Infringement of a Federally Registered Mark)

24. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. Defendants use the BUDDACHEN name and mark in connection with their restaurant services, which are identical or closely related to Plaintiff's mark and restaurant services.

26. Defendants' BUDDACHEN name and mark is confusingly similar to Plaintiff's BUDDAKAN mark, which is protected by the Registration.

27. Defendants' BUDDACHEN name and mark, when applied to Defendants' services, so resembles Plaintiff's BUDDAKAN mark as to be likely to cause confusion, mistake, or to deceive purchasers, resulting in damage and detriment to Plaintiff and its reputation in violation of 15 U.S.C. § 1114.

28. Defendants' continued use of the BUDDACHEN name and mark in connection with Defendants' services is likely to cause damages and irreparable injury to Plaintiff.

29. Defendants' continued use of the BUDDACHEN name and mark in connection with Defendants' services is willful and intentional.

30. Plaintiff has no adequate remedy at law.

## COUNT II
### (Unfair Competition in Violation of 15 U.S.C. § 1125(a))

31. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 30 as if fully set forth herein.

32. Defendants use the BUDDACHEN name and mark in connection with their restaurant services, which are identical or closely related to Plaintiff's name, mark, and restaurant services.

33. Defendants' BUDDACHEN name and mark, when applied to Defendants' services, so resembles Plaintiff's BUDDAKAN name and mark, as to be likely to cause

confusion, mistake, or to deceive purchasers as to source or sponsorship or affiliation in violation of 15 U.S.C. § 1125.

34.  Defendants' continued use of the BUDDACHEN name and mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation or association with Plaintiff and as to the origin, sponsorship, and approval of Defendants' services by Plaintiff.

35.  Defendants' continued use of the BUDDACHEN name and mark in connection with Defendants' services is causing and is likely to cause damage and irreparable injury to Plaintiff.

36.  Defendants' continued use of the BUDDACHEN name and mark in connection with Defendants' services is willful and intentional.

37.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Costar Partners, LP respectfully requests that this Court:

1.  Enter judgment in favor of Plaintiff against Defendants on each Count of the Complaint;

2.  Permanently enjoin and restrain Defendants, their officers, agents, employees, and all other persons in active concert or participation with Defendants from:

   a.  Use of the BUDDACHEN name and mark, and any phonetic equivalent thereof;

   b.  Engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of its business, products or services with the Plaintiff, Plaintiff's goods and/or services, or BUDDAKAN name and mark.

2. Order an accounting against Defendants for all profits received from the sale of goods and services, directly or indirectly, in connection with, advertised, or promoted in any manner, by their use of the term BUDDACHEN in the United States;

3. Award Plaintiff its attorneys' fees, costs, and disbursements pursuant to 15 U.S.C. § 1117(a), and such other relief as the Court deems appropriate under the circumstances; and

4. Grant such further relief as this Court deems just and appropriate.

    Respectfully submitted,

    COSTAR PARTNERS, LP,

    By its attorneys,


    /s/ Kenneth Y. Lee
    Kenneth Y. Lee (BBO # 644653)
    ECKERT SEAMANS CHERIN & MELLOTT, LLC
    Two International Place, 16th Floor
    Boston, Massachusetts 02110
    617.342.6800

OF COUNSEL:

Roberta Jacobs-Meadway
Jay K. Meadway
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place, 22nd Floor
50 South 16th Street
Philadelphia, PA 19102
215.851.8400

Date:   March 16, 2010